IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 HEALTH & WELFARE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 ZONE 2 PENSION PLAN, 1719 Spring Garden Street Philadelphia, PA 19130, and LOCAL UNION 98 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS 1701 Spring Garden Street Philadelphia, PA 19130, Plaintiffs, v. NW SIGN INDUSTRIES, INC. 360 Crider Avenue Moorestown, NJ 08057, and INVISION SIGNS, LLC 360 Crider Avenue Moorestown, NJ 08057, and RONALD BRODIE c/o NW Sign Industries, Inc. 360 Crider Avenue Moorestown, NJ 08057, Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. 19-2910 |

## AMENDED COMPLAINT

**JURISDICTION AND VENUE**

1.  The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f), and §301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185(c).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, and the LMRA, 29 U.S.C. §185(a), because all Plaintiffs have offices in the Eastern District of Pennsylvania and the breach occurred in the Eastern District of Pennsylvania.

**PARTIES**

3. At all times relevant hereto, Plaintiffs International Brotherhood of Electrical Workers Local Union No. 98 Health & Welfare Fund (successor to the Local Union 98 Zone 2 Health & Welfare Plan) (hereinafter the "Health Plan"), and the International Brotherhood of Electrical Workers Local Union No. 98 Zone 2 Pension Plan (successor to the Local Union 380 Pension Fund) (hereinafter the "Pension Plan") (hereinafter collectively the "Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

4. At all times relevant hereto, Plaintiff Local Union 98 of the International Brotherhood of Electrical Workers (hereinafter "Local 98") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of certain employees of Defendant NW Sign Industries, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

5. Local 98 is a successor to the International Brotherhood of Electrical Workers, Local 380 (hereinafter "Local 380").

6. Plaintiffs maintain their principal place of business and are administered from offices listed in the caption which are located in the Eastern District of Pennsylvania.

7. Defendant NW Sign Industries, Inc. (hereinafter the "Employer") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) which maintains the business address listed in the caption.

8. Defendant Invision Signs, LLC (hereinafter "Invision") is an alter-ego and/or successor to Defendant Employer.

9. Defendant Ronald Brodie (hereinafter "Brodie") is an owner and/or officer of the Employer and/or Invision with control over the assets of the Employer. Brodie maintains a business address listed in the caption.

10. Defendant Employer is and has been a party to a series Collective Bargaining Agreements with Local 98, and/or its predecessor Local 380 (hereinafter the "CBA"). By virtue of the CBA, the Employer agreed:

(a) to deduct contractual deductions from the paychecks of employees covered by the collective bargaining agreement and to remit those amounts, and to pay contractually required contributions, to the Funds and Local 98 (collectively the "Plaintiffs");

(b) to file monthly remittance reports with the Plaintiffs listing all employees for whom contributions were due under the collective bargaining agreement and the total number of hours each such employee worked during that month;

(c) to produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Employer's records concerning its obligations to the Funds; and

(d) to pay liquidated damages and all costs of litigation, including attorneys' fees, expended to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations as described in subparagraphs (a), (b), or (c).

A true and correct copy of the CBA is attached as Exhibit A.

11. Pursuant to the CBA and the Funds' delinquency policy, any contribution that is not received by its due date is charged interest at the Internal Revenue Service rate.

12. Pursuant to the CBA and the Funds', late payments are also charged liquidated damages equal to ten percent (10%) of the principal delinquency.

## COUNT ONE
### Plaintiffs v. Employer and Invision
### Delinquent Reported Amounts

13. The above paragraphs are incorporated herein by reference as though duly set forth at length.

14. Defendant Employer submitted remittance reports for the months of February 2018 through November 2018, and January 2019 through February 2019 documenting that a total of $37,572.00 in principal contributions were due. A true and correct copy of the remittance reports are attached hereto as Exhibit B.

15. No remittance reports were submitted for the months of December 2019, and March 2019 through August 2019, the last reporting month to become due as of the date of this Amended Complaint.

16. No payments were submitted for any month since February 2018, whether reported or unreported.

17. As of June 20, 2019, the delinquency documented by the reported months of February 2018 through November 2018, and January 2019 through February 2019 accrued $1,037.40 in interest and was assessed $3,757.20 in liquidated damages.

18. In addition, the delinquent principal contribution has and will accrue interest on a daily basis until paid after June 20, 2019 in accordance with the CBA, the Funds' delinquency policy, and 29 U.S.C. §1132(g)(2)(B).

19. Despite that notice the Employer has failed and refused to pay the above amounts.

20.     In addition to the principal, interest, and liquidated damages set forth above, Defendant Employer owes to Plaintiffs attorneys' fees and costs of litigation, pursuant to the CBA, the Funds' delinquency policy, and 29 U.S.C. §1132(g)(2)(D).

21.     As a successor and/or alter-ego of the Employer, Defendant Invision is jointly and severally liable with Defendant for the above amounts.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment in favor of the Plaintiffs and against Defendants Employer and Invision, jointly and severally, for $37,572.00 in unpaid principal contributions for the months of February 2018 through November 2018, and January 2019 through February 2019, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(A);

(2) Enter judgment in favor of the Plaintiffs and against Defendants Employer and Invision, jointly and severally, for $1,037.40 for interest on the principal amounts in (1) as of June 20, 2019, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

(3) Enter judgment in favor of the Plaintiffs and against Defendants Employer and Invision, jointly and severally, for such additional interest that accrues on the amounts set forth in (1) after June 20, 2019, calculated at the I.R.S. rate, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B);

(4) Enter judgment in favor of the Plaintiffs and against Defendants Employer and Invision, jointly and severally, for $3,757.20 in liquidated damages on the principal amounts set forth in (1), pursuant to the CBA and 29 U.S.C. §1132(g)(2)(C);

(5) Enter judgment in favor of the Plaintiffs and against Defendants Employer and Invision, jointly and severally, for attorneys' fees and costs, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and

(6) Grant any other further relief the court finds just and proper.

## COUNT TWO
### Plaintiffs v. Employer and Invision
### Delinquent Unreported Amounts—Payroll Audit

22. The above paragraphs are incorporated herein by reference as though duly set forth at length.

23. The amounts shown to be due in the remittance reports are self-reported. That is, the Employer prepares the remittance reports which document the amounts due each month itself.

24. No remittance reports were submitted for the months of December 2018, and March 2019 through August 2019, the last reporting month to become due as of the date of this Amended Complaint.

25. The documents necessary to check the accuracy of the remittance reports that were submitted and to determine the amounts that should have been reported for the unreported months are the Employer's financial books and records, which are in the exclusive possession and control of the Defendant Employer and/or Invision.

26. In order to check the accuracy of those reports, Plaintiffs employ an outside auditor to confirm that the correct amounts were reported and paid to the Plaintiffs.

27. Any hardship the Employer and/or Invision will incur by being ordered to provide the Plaintiffs auditor with access to its books and records is outweighed by the interest of the Plaintiffs to assure that the correct amounts are reported and paid to the Plaintiffs by the Employer, as required by the collective bargaining agreement and ERISA.

28. There is no adequate remedy at law.

29. Under ERISA the Funds are authorized to seek equitable relief against a contributing employer, which includes legal action to compel an employer to submit to an audit. 29 U.S.C. §1132(a)(3)(B).

30. As a successor and/or alter-ego of the Employer, Defendant Invision is jointly and severally liable with Defendant for any amounts found to be due and owing by the audit.

WHEREFORE, plaintiffs ask that the Court:

(1) Enter an Order requiring the Defendant Employer to produce the books and records necessary to conduct a payroll audit to determine the amounts owed to the Plaintiffs for the period from February 2018, to present;

(2) Enter judgment in favor of the Plaintiffs and against Defendants Employer and Invision, jointly and severally, for any additional amounts revealed to be owed by the audit; and

(3) Grant any other further relief the court finds just and proper.

## COUNT THREE
### Funds v. Brodie

31. The above paragraphs are incorporated herein by reference as though duly set forth at length.

32. Section 2(b) of the Health Plan's Trust Agreement, as amended on July 28, 2004, states as follows:

> Title to all monies paid into said Fund shall be vested in the Trustees of the Fund, in trust as of the date the employer's obligation to contribute arises.

A true and correct copy of the Health Plan's Trust Agreement's July 28, 2004 amendment is attached hereto as Exhibit C.

33. Article VII, Section 1(d) of the Pension Plan's Trust Agreement, as amended on November 19, 2015 states as follows:

> Title to and possession of all monies which are contributions to be paid into the Fund shall be vested in the Trustees of the Fund as of the date the Covered Employer's obligation to contribute arises.

A true and correct copy of the November 19, 2015 Amendment to the Pension Plan Trust Agreement is attached also hereto as Exhibit D.

34. Pursuant to the Agreement and Declaration of Trusts governing each of the Plaintiff Funds, the title to and possession of all monies which are contributions to be paid into the Funds are vested in the Trustees of the Funds as of the date the employer's obligation to contribute arises.

35. Once employees of the Employer performed bargaining unit work, the monies due to the Funds became an asset of the Funds upon the date such amounts became due pursuant to the collective bargaining agreement.

36. At all relevant times, Defendant Ronald Brodie has been and is the principal officer of the Defendant Employer. In this capacity, Brodie was ultimately responsible for preparing, reviewing, authorizing payment, and submitting monthly reports and contributions to the Plaintiffs.

37. Thus, Defendant Brodie exercised control over the disposition of money that became a plan asset immediately upon the date the Employer's obligation to contribute arose.

38. Based on the functions that Defendant Brodie performed, he individually maintained both formal and practical authority to direct that proper fringe benefit contributions be paid to the Plaintiffs at all times relevant hereto.

39. Based on the functions Defendant Brodie performed, he exercised authority and control over the management and disposition of certain Trust Fund assets.

40. As a result of exercising control and management over Trust Fund assets, Defendant Brodie is a fiduciary under ERISA.

41. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries... for the exclusive purpose of... providing benefits to [them]." 29 U.S.C. §1104(a)(1).

42. A fiduciary who uses Trust Fund assets to satisfy other personal or business obligations breaches the fiduciary duty under ERISA.

43. Because Defendant Brodie willfully and intentionally used Trust Fund assets contained within his personal accounts and the accounts of Defendant Employer for purposes other than the exclusive purpose of providing benefits to the Trust Fund participant and beneficiaries, Defendant Brodie breached his fiduciary duty.

44. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary..." 29 U.S.C. §1109(a).

45. Defendant Brodie is personally liable for the portion of the principal contributions, and interest and liquidated damages attributed thereto, due to the Health Plan and Pension Plan under ERISA, jointly and severally with the Defendant Employer.

WHEREFORE, Plaintiffs ask that the Court:

(1) Declare that Ronald Brodie is a fiduciary of the Health Plan and Pension Plan by virtue of his exercise and control of plan assets and that Field be found in breach of his fiduciary duties;

(2) Enter judgment against Brodie holding him liable, jointly and severally, with Defendant Employer for the portion of the principal delinquency due to the Health Plan and Pension Plan, as well as the interest, liquidated damages and attorneys' fees and costs on said amounts as found to be owed by Defendant Employer in this matter; and

(3) Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI LLP

BY: /s/ Jeremy E. Meyer
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099
wtjosem@cjtlaw.org
jmeyer@cjtlaw.org

DATED: September 18, 2019

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Amended Complaint to be served on the parties listed below by First Class U.S. Mail, postage prepaid, on the date listed below:

NW Sign Industries, Inc.
360 Crider Avenue
Moorestown, NJ 08057

Steven Mitnick, Esquire
P.O. Box 530
49 Old Turnpike Road
Oldwick, NJ 08858

Ronald Brodie
c/o NW Sign Industries, Inc.
360 Crider Avenue
Moorestown, NJ 08057

David A. Kasen, Esquire
Society Hill Office Park, Suite 3
1874 E. Marlton Pike (Route 70)
Cherry Hill, NJ 08003-2038

CLEARY, JOSEM & TRIGIANI LLP

BY: /s/ Jeremy E. Meyer
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

DATED: September 18, 2019