IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 HEALTH & WELFARE FUND, et al. | : : : : : | CIVIL ACTION<br><br>No. 19-2910 |
| v. | : : | |
| N.W. SIGN INDUSTRIES, INC., et al. | : | |

### MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                         **February 22, 2021**

Plaintiffs filed this action pursuant to the Employee Retirement Income Security Act (ERISA) and the Labor Management Relations Act (LMRA) against Defendants N.W. Sign Industries, Inc. (N.W. Sign), Invision Signs, LLC (Invision Signs), and Ronald Brodie. After each defendant failed to respond, Plaintiffs moved for entry of default against N.W. Sign and Invision Sign. Plaintiffs then filed the instant motion seeking default judgment pursuant to Federal Rule of Civil Procedure 55.[1] Because N.W. Sign has yet to make any appearance in the case, the Court will grant Plaintiffs' motion as to N.W. Sign. However, Invision Signs filed an opposition to the motion and made a sufficient showing of good cause for its failure to appear. The Court will therefore deny the motion as to Invision Signs and grant Invision Signs's cross-motion to vacate entry of default.

**BACKGROUND**

Plaintiffs are a series of IBEW pension and benefit funds: the International Brotherhood of Electrical Workers Local Union No. 98 Health & Welfare Fund, the International Brotherhood of

---

[1] IBEW's moves for default judgment against N.W. Sign and Invision Signs only. Defendant Ronald Brodie's petition for bankruptcy—currently pending in the District of New Jersey—operates as an automatic stay on the instant proceedings with respect to Brodie. *See* 11 U.S.C. § 362(a).

Electrical Workers Local Union No. 98 Zone 2 Pension Plan, and Local Union 98 of the International Brotherhood of Electrical Workers (collectively IBEW). IBEW collects employee contributions from entities that employ its members under collective bargaining agreements (CBAs). The CBAs require employers to make deductions from IBEW members' paychecks and remit the funds on a monthly basis to IBEW with a detailed accounting of that month's activity. IBEW then manages the pension and retirement funds for the benefit of its union members.

N.W. Sign, a now-defunct commercial sign manufacturer, employed IBEW members under a series of these CBAs. *See* Pl.'s Compl. Ex. A, ECF No. 1-1. Defendant Ronald Brodie was the sole shareholder and principal officer of N.W. Sign. IBEW alleges Brodie and N.W. Sign stopped making the required benefit payments in November 2018 and continued to withhold funds for most of 2019. Accordingly, IBEW filed this action on July 3, 2019, pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(3)(B), (d)(1) and (f), and the Labor Management Relations Act (LMRA), 29 U.S. C. § 185(c). Since IBEW filed the Complaint, no defendant has responded to the suit.

In Summer 2019, at around the same time this suit began, Brodie filed for bankruptcy in federal court in the District of New Jersey and N.W. Sign was forcibly dissolved by creditors in New Jersey state court. Although N.W. Sign is technically still in existence, it is now subject to a court-appointed assignment for benefit of creditors and the company's last remaining assets and contracts are managed by a court-appointed assignee. Brodie no longer has a role in the company, nor does the company employ any IBEW members. With his personal assets tied up in bankruptcy proceedings and N.W. Sign out of business, Ronald Brodie and his family started a new venture in mid-2019. Brodie named the new company Invision Signs, LLC.

Invision Signs is, according to Brodie, a very different business than N.W. Sign. While N.W. Sign designed, manufactured, and installed commercial signs, Brodie claims Invision Signs is a "sign consulting" company that acts as a broker between customers, sign manufactures, and other subcontractors. Invision Signs does not manufacture signs, employ IBEW members, or have any contractual relationship with IBEW. Due to the contemporaneous nature of N.W. Sign's closing and Invision Signs's founding, IBEW alleges Invision Signs is a successor or "alter ego" company to N.W. Sign and is therefore liable for N.W. Sign's delinquency based on a theory of successor liability. In short, IBEW claims Brodie, N.W. Sign, and Invision Signs are jointly and severably liable for delinquent payments to the IBEW employee funds. On September 19, 2019, IBEW filed the Amended Complaint adding Invision Signs as a defendant.

The parties dispute whether and when IBEW executed service of process on the three defendants. When IBEW filed the Complaint on July 3, 2019, it was unaware of Invision Signs's existence and only named N.W. Sign and Brodie as defendants. According to affidavits, IBEW effectuated personal service on N.W. Sign and Brodie via an authorized agent at N.W. Sign's place of business on July 23, 2019. *See* Pls.' Aff. 1, ECF No. 2, 3. Thereafter, IBEW added Invision Signs to the case after learning Brodie had started the new company. IBEW claims it served Invision Signs in the same manner in which it previously served N.W. Sign and Brodie—by personal service via an authorized agent at the same address. *See* Pls.' Aff. 1, ECF No. 5,

On December 10, 2019, with no response from any defendant, IBEW moved for entry of default against all three defendants. The Clerk of Court entered default against N.W. Sign on December 10, 2019, and Invision Signs on February 14, 2020. On May 11, 2020, IBEW filed the instant motion for default judgment against N.W. Sign and Invision Signs. Invision Signs filed a response in opposition on June 9, 2020 and claims it only became aware of this case when IBEW

3

served this motion. Specifically, Invision Signs claims the individual who accepted service was actually a disgruntled, junior employee who left the company days later without notifying his superiors of the lawsuit. On this basis, Invision Signs asks the Court to deny the motion and set aside entry of default in order to proceed with the merits of the case. On November 23, 2020, the Court held a hearing attended by Invision Signs and Ronald Brodie. N.W. Sign has yet to make any appearance.

**DISCUSSION**

The Court will grant the motion for default judgment as to N.W. Sign for its failure to appear in this lawsuit. Invision Signs, however, has made a sufficient showing of cause to deny the motion and set aside entry of default. Accordingly, the Court will deny the motion as to Invision Signs and grant Invision Signs's cross-motion to vacate entry of default.

The Court begins with N.W. Sign. Pursuant to Federal Rule of Civil Procedure 55, after the clerk has entered a defendant's default, a plaintiff may apply to the Court for entry of a default judgment against whom default has been entered. Fed. R. Civ. P. 55(b). Courts must use "sound judicial discretion" in determining whether to enter a default judgment. *See E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009). Before entering default judgment, a court must consider "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted).

IBEW will be prejudiced if default judgment is not granted because it may be left without any recourse for the delinquent payments. Denying the motion would be especially prejudicial should Invision Signs be found to have no successor liability to IBEW. However, that issue is not presently before the Court. Because Brodie's bankruptcy proceedings may shield him from

personal liability, a judgment against N.W. Sign may be IBEW's only legal recourse, and denying the instant motion would be significantly prejudicial against IBEW. Accordingly, this factor weighs in favor of granting the motion.

With regard to the second factor, N.W. Sign has made no substantive representations to the Court and thus, has presented no apparently litigable defense. Although Brodie appeared at the hearing on November 23, 2020, he did so only in a personal capacity and did not represent N.W. Sign. This factor therefore weighs in favor of granting the motion.

As for N.W. Sign's culpability, default in this case was caused by N.W. Sign's refusal to plead, answer, or otherwise respond to the suit. According to affidavits submitted to the Court, IBEW served Brodie and N.W. Sign on the same day, at the same address, with the same authorized agent. It is difficult to perceive how Brodie—the principal officer of N.W. Sign and himself a defendant—would not have known about the suit against N.W. Sign and its obligation to respond. From the time IBEW served N.W. Sign and Brodie in July 2019 until service of the instant motion in May 2020, N.W. Sign has made no appearance. This complete lack of action significantly delayed proceedings. In conclusion, all three *Chamberlain* factors weigh in favor of entering default judgment. *See E. Elec. Corp. of N.J.*, 652 F. Supp. 2d at 607 (entering default judgment when all three factors weighed in favor of doing so and no alternative sanction would be appropriate). The Court will therefore grant the motion against N.W. Sign.

The Court must next consider damages. Once a default judgment has been entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A party who defaults does not admit the amount of damages the plaintiff seeks. *See id*. To determine the amount of damages, a court may make its determination by conducting a hearing or by receiving detailed

affidavits from the plaintiff. *See* Fed. R. Civ. P. 55(b)(2)(B)–(C). IBEW submitted affidavits detailing the calculations of alleged damages. *See* Pl.'s Compl. 4–5, ECF No. 1. At the November 23, 2020, hearing, IBEW represented to the Court that its pleadings and other filings contain the precise damages it claims it is entitled to receive. The Court will therefore assess damages according to IBEW's pleadings and affidavits.

Pursuant to the ERISA statute, IBEW is entitled to unpaid contributions, interest on the unpaid contributions, liquidated damages, attorney's fees and costs, and "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). IBEW alleges $37,572.00 for N.W. Sign's unpaid principal contributions for the months of February 2018 through November 2018 and January 2019 through February 2019. Pl.'s Compl. 4–5, ECF No. 1. It claims $2,340.72 in interest as of May 31, 2020, $3,757.20 in liquidated damages, and $5,786.50 in attorney's fees and costs. *Id*. In total, this amounts to $49,456.42. IBEW, however, also requests accounting records for the months of December 2018 and March 2019 through August 2019 in order to calculate the amount of N.W. Sign's delinquency for those months. Finally, IBEW requests N.W. Sign submit to a third-party audit that may reveal additional delinquent amounts for principal, interest and liquidated damages discovered and interest that has accrued between May 31, 2020 and the date of this judgment. Upon review of affidavits from IBEW, the Court determines such a judgment is appropriate, and an order detailing these damages will follow.

The Court next considers Invision Signs's default and whether default judgment is appropriate. Because the Court has discretion in this matter, and because Invision Signs has made a showing of good cause, the Court will deny the motion for default judgment against Invision Signs and grant Invision Signs's cross-motion to vacate entry of default.

Although the two issues are related, the decisions to grant default judgment and vacate entry are distinctly separate. Before considering the vacatur of entry of default against Invision Signs, the Court must first decide whether entry of default judgment against Invision Signs is appropriate. The Court has discretion in deciding to grant or deny a motion for default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). There is also a general disfavor for default judgment in the federal courts when it is possible to dispose of a case on the merits. *Id*. Regardless of Invision Signs's role in the delay of this case, it has demonstrated a readiness to litigate the case. Invision Signs filed a proposed answer it intends to file should the Court deny IBEW's motion. *See* Def.'s Mot. Ex. 1, ECF No. 11-1. In the proposed answer, Invision Signs presents several defenses. Accordingly, the Court will allow Invision Signs's response in order to dispose of the case on the merits, and the Court will deny the motion for default judgment against Invision Signs.

Next, as for Invision Signs's motion to vacate entry of default, the Court finds Invision Signs has presented sufficient cause to grant the motion. Pursuant to Rule 55(c), the Court may set aside an entry of default or default judgment for "good cause." Fed. R. Civ. P. 55(c). The Court must consider three factors: (1) whether setting aside the default would prejudice the plaintiff, (2) whether the defendant has asserted a meritorious defense, and (3) defendant's culpability in allowing the default. *See Farnese v. Barnasco*, 687 F.2d 761, 764 (3d Cir. 1982). This matter is within the discretion of the court, but doubtful cases should be resolved in favor of the party moving to set aside default. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d at 194–95. Just as a disposition on the merits is preferable to default judgment, courts should set aside entry of default where proceeding on the merits is possible.

...

Beginning with the first factor, there is little risk of prejudice against IBEW should the Court set aside entry of default against Invision Signs. The Court's ruling merely allows Invision Signs to respond to the Amended Complaint and affords Invision Signs an opportunity to present its defenses. Although IBEW has already experienced a significant delay in its pursuit of justice, vacating entry of default against Invision Signs and allowing the parties to proceed on the merits will not prejudice IBEW.

As to the second factor, Invision Signs presented a proposed answer with several defenses. Most significantly, Invision Signs claims it has no successor liability for N.W. Sign's delinquency. While the Court at this point makes no findings on legal merits of Invision Signs's defense, Invision Signs's demonstrated ability to proceed expeditiously with the case weighs in favor of setting aside entry of default. This is especially so in light of the federal courts' distaste of default and default judgments. In sum, this factor also weighs in favor of setting aside entry of default.

Finally, the Court must consider Invision Signs's level of culpability in allowing default. Invision Signs claims to have been unaware of the lawsuit, despite being served in the same manner as N.W. Sign and Brodie. It did not respond to IBEW's requests for entry of default and made no effort to defend the case for almost 12 months until IBEW filed this motion for a final judgment. However, when IBEW filed this motion, Invision Signs filed a timely response, attended the hearing on November 23, 2020, and presented evidence to explain its failure to appear. Although it appears Invision Signs does bear some culpability in allowing default, the Court finds vacatur is appropriate based on the three-factor analysis as a whole. Accordingly, the Court will deny IBEW's motion for default judgment against Invision Signs and grant Invision Signs's cross motion to vacate entry of default. The Court will order Invision Signs to respond to the Amended Complaint so the parties may proceed to the merits of the case.

**CONCLUSION**

Default judgment against N.W. Sign is warranted in this case. The Court will award IBEW $49,456.42 in damages and order N.W. Sign to provide within 30 days of this judgment the books and records necessary to conduct a payroll audit to determine the amounts due for the unreported months of delinquent payments. The Court will also award IBEW any additional interest that accrues on the principal delinquency between May 31, 2020 and the date of this judgment.

The Court will deny the motion with respect to Invision Signs and grant Invision Signs's motion to vacate entry of default.

An appropriate order follows.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.